## L. MEISENHELDER v. CHICAGO & NORTH WESTERN RAILWAY COMPANY.[1]

February 25, 1927.

No. 25,697.

**Beneficiaries under cause of action under employers liability act.**

1. Under the employers liability act the cause of action which it gives survives to the personal representative of the employe for the benefit of the surviving widow or husband and children, and then of the next of kin, etc. The act does not designate the beneficiaries further, and they are for determination in accordance with the laws of the state where the injury resulting in death occurred.

**No widow beneficiary in Illinois under that act when first cousins marry.**

2. In Illinois the marriage of first cousins is prohibited by statute, and such marriages are declared void and incestuous. Under the uniform marriage evasion act of Illinois a marriage solemnized in another state, where the marriage of first cousins is valid, by residents of Illinois, intending to continue to reside in Illinois, is equally void. The plaintiff's intestate married a first cousin in another state where such marriages are valid. They intended to continue to reside in

[1]Reported in 213 N. W. 32.

Illinois, did so, and the decedent was killed there in interstate employment under such circumstances as to give his representative a cause of action. It is *held* that there was no widow beneficiary under the employers liability act.

**But son by that marriage was legitimate and beneficiary.**
3. Under the statute of Illinois, issue of such marriage is legitimate, and the only son of the decedent was the sole beneficiary under the liability act.

**Award should have been made on different theory.**
4. The verdict for the plaintiff was apportioned by the jury between the widow and the son upon the theory that both were beneficiaries. *Held* that the award should have been made upon the theory that the son was the sole beneficiary.

Bastards, 7 C. J. p. 948 n. 2.
Death, 17 C. J. p. 1214 n. 22, 25; p. 1215 n. 34, 36; p. 1220 n. 14 New.
Marriage, 38 C. J. p. 1276 n. 24; p. 1277 n. 27.

See notes in 47 L. R. A. (N. S.) 64; L. R. A. 1915C, 72; 18 R. C. L. 837;
4 R. C. L. Supp. 1213; 6 R. C. L. Supp. 1089.
See notes in 57 L. R. A. 155; 11 L. R. A. (N. S.) 1082; 17 L. R. A.
(N. S.) 800; 26 L. R. A. (N. S.) 179; 28 L. R. A. (N. S.) 753; 43
L. R. A. (N. S.) 355; 18 R. C. L. 388; 3 R. C. L. Supp. 808; 5 R. C. L.
Supp. 981; 6 R. C. L. Supp. 1062.

Plaintiff appealed from an order of the district court for Ramsey county, Olin B. Lewis, J., denying his motion for a new trial. Reversed.

*Miner & McDonald*, for appellant.
*Brown, Somsen & Sawyer*, for respondent.

DIBELL, J.
Action to recover for the death of plaintiff's intestate who was killed in Illinois while in the employ of the defendant in interstate commerce. There was a verdict for the plaintiff for $8,250, of which $5,000 was apportioned by the jury to Louise D'Albani as his widow, and $3,250 to their infant son. Upon motion the court struck from

the verdict the amount of the award to Louise D'Albani, permitted the award of \$3,250 to the son to stand, and denied the plaintiff's motion for a new trial. He appeals.

1. The employers liability act provides that the cause of action given the employe "shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employe, and, if none; then of such employe's parents; and, if none, then of the next of kin dependent upon such employe," etc. 36 St. 291, c. 143; U. S. Comp. St. 1916, § 8657. It does not define next of kin, or other terms applicable to beneficiaries, but leaves their meaning to the state law. Seaboard Airline Ry. v. Kenney, 240 U. S. 489, 36 Sup. Ct. 458, 60 L. ed. 762. In harmony with this view, the question whether Louise D'Albani is a beneficiary, though ultimately a federal question, is determinable by the state law, in this case the law of Illinois. And the same is true of the infant child.

2. A marriage of first cousins is prohibited in Illinois, and such marriage is declared to be incestuous and void. Smith-Hurd Ill. Rev. St. 1923, c. 89, § 1; Arado v. Arado, 281 Ill. 123, 117 N. E. 816, 4 A. L. R. 28. And see Wilson v. Cook, 256 Ill. 460, 100 N. E. 222, 43 L. R. A. (N. S.) 365; Stevens v. Stevens, 304 Ill. 297, 136 N. E. 785; Lincoln v. Riley, 217 Ill. App. 571.

The plaintiff's intestate and Louise D'Albani were first cousins. They were residents of Illinois. They married in Kentucky on September 27, 1922. The marriage of first cousins is not prohibited in Kentucky. The rule is a general one, though subject to exceptions, that a marriage valid where solemnized is valid everywhere. McHenry v. Bracken, 93 Minn. 510, 101 N. W. 960; Lando v. Lando, 112 Minn. 257, 127 N. W. 1125, 30 L. R. A. (N. S.) 940; 38 C. J. p. 1276, § 3, et seq; 18 R. C. L. p. 388, § 9; Dec. Dig. Marriage, § 3.

The uniform marriage evasion act of Illinois provides that if any person residing and "intending to continue to reside in this state * * * shall go into another state * * * and there contract a marriage prohibited and declared void by the laws of this state, such marriage shall be null and void for all purposes in this state with the same effect as though such prohibited marriage had been entered

into in this state." Smith-Hurd Ill. Rev. St. 1923, c. 89, § 19. See uniform marriage evasion act, 9 U. L. A. 227.

This statute, in the cases to which it applies, modifies the rule that marriages valid where the ceremony is performed are valid anywhere. The marriage of the D'Albanis, since the parties could never marry in Illinois, the prohibition of their marriage being absolute, was void. See Lyannes v. Lyannes, 171 Wis. 381, 177 N. W. 683, construing the marriage evasion act of Wisconsin. And in that state it was held that a marriage, void under the Illinois evasion statute, did not justify an award under the Wisconsin compensation act to one claiming as widow. Hall v. Industrial Commission, 165 Wis. 364, 162 N. W. 312, L. R. A. 1917D, 829. It is not necessary to consider the effect of illegal or unauthorized marriages upon the right of one claiming to recover as a widow under a liability or compensation act. Of course decisions will differ as laws relative to the validity of marriages vary from state to state. We are concerned only with the Illinois law.

There is no real question but that the purpose of the decedent and Louise D'Albani in going to Kentucky and marrying was to evade the Illinois law. There is evidence that they intended moving later to Minnesota, but it is indefinite, and their removal was entirely contingent. When married they gave their residence as Illinois, they were under oath, they were in Kentucky not more than four or five days, and they returned to Illinois to live and lived there until the decedent's death in December, 1924.

The result, following the Illinois law, is that Louise D'Albani is not the widow of the deceased and cannot take as beneficiary under the federal liability act.

3. A child was born to the decedent and Louise D'Albani while they lived together as husband and wife, on August 9, 1923. The child is the only issue. The Illinois statute provides that when persons have attempted to be joined in marriage, a ceremony has been performed, and is followed by cohabitation, the issue is legitimate. Smith-Hurd Ill. Rev. St. 1923, c. 89, § 17a. The status of the child, by virtue of the statute cited, is that of a legitimate, he is a child within the meaning of the liability act, and he is the sole beneficiary.

4. The case was submitted to the jury under instructions that Louise D'Albani and the child were beneficiaries.

The death of D'Albani was instantaneous. The award must be based on money loss to beneficiaries. Norfolk & W. Ry. Co. v. Holbrook, 235 U. S. 625, 35 Sup. Ct. 143, 59 L. ed. 392; N. Car. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. ed. 591, Ann. Cas. 1914C, 159; Gulf, C. & S. F. Ry. Co. v. McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. ed. 785; Mich. Cent. R. Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. ed. 417, Ann. Cas. 1914C, 176. A beneficiary is awarded a sum which measures his loss. The infant son is not entitled to the whole award of $8,250 because it is now found that Louise D'Albani cannot participate in it. Nor can it be said that the award of $3,250 was found by the jury to measure his loss under the facts now held controlling. The jury assessed damages on the theory that there was a widow beneficiary, and not upon the theory that the child was the sole beneficiary. Louise D'Albani being eliminated as a beneficiary, the plaintiff is entitled to the judgment of the jury upon the amount of damages sustained by the child as sole beneficiary. This amount is not necessarily the same as if Louise D'Albani were also a beneficiary.

The court was right in holding that Louise D'Albani was not entitled to participate in the award and was right in holding that the infant child was the sole beneficiary. There was error in holding that the award of $3,250 made to the child was as a matter of law the proper award when it was ascertained that Louise D'Albani could not participate.

The amount of the verdict may suggest that the jury found that the decedent was contributorily negligent and so adopted the doctrine of comparative negligence applicable in such cases. The plaintiff claims that there was error in excluding evidence bearing upon contributory negligence. The question may not be a live one upon another trial and we do not consider it.

Order reversed.