## Lizzie Baker, Committee for John A. Thomas, v. Thomas.

(Decided March 15, 1938.)

A. D. HALL for appellant.

GEORGE F. HALL for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Affirming.

John A. Thomas, who had been adjudged a lunatic in the Clay county court and is still a lunatic and incompetent, individually and by his committee, Lizzie Baker,

filed a petition in the Clay circuit court, as provided by section 2071, Kentucky Statutes, for the purpose of obtaining orders of adoption of his two illegitimate children, namely, Mary Etta Thomas and Glora Mae Thomas, so that they might be capable of inheriting the estate as his legitimate heirs. It was the judgment of the court that there was no law authorizing the proceeding and therefore the petition was ordered dismissed. This appeal follows. Special and general demurrers were filed to the petition. The court sustained each demurrer. The question arises: Was the court correct?

The facts are: John A. Thomas is now about 40 years of age. In his earlier life he married. To that marriage a female child was born on the 25th day of February, 1921, and bears the name of Sarah Jane Thomas. So far as the record shows, she is legitimate. The mother of that child died. John A. Thomas was a soldier in the late World War. On account of the ravages of that war, he lost his mental powers. In that incompetent condition, on the 12th day of April, 1929, in some unexplained manner, he obtained a license and married his full-sister's daughter, Minnie Allen, his niece. This marriage was incestuous and directly in violation of section 2096, Kentucky Statutes. As a result of the incestuous marriage, two daughters, Mary Etta and Glora Mae Thomas, were born. They are now of the respective ages of nine and seven years. In April, 1937, by a proper proceeding instituted in the Clay circuit court, this incestuous marriage was by a judgment of the court declared null and void ab initio.

Section 2096, Kentucky Statutes, so far as applicable here provides:

"A man shall not marry * * * the daughter or granddaughter of his brother or sister."

Section 2098, Kentucky Statutes, in part provides:

"The issue of an illegal or void marriage shall be legitimate, *except that the issue of an incestuous marriage,* found such by the conviction or judgment of a court, in the lifetime of the parties, * * * shall not be legitimate." (Italics ours.)

The children being illegitimate, they cannot inherit any part of their father's estate, but can inherit from their mother. Willoughby v. Motley, 83 Ky. 297, 7 Ky. Law Rep. 259; Davis v. Jones' Adm'r, 94 Ky. 320, 22

S. W. 331, 42 Am. St. Rep. 360, 15 Ky. Law Rep. 89; Merritt v. Morton, 143 Ky. 133, 136 S. W. 133, 33 L. R. A., N. S., 139.

The petition alleges that the incompetent, John A. Thomas, by a judgment of the Clay county court had been declared a lunatic, and by a judgment of the Clay circuit court the pretended marriage between him and his niece, Minnie Allen Thomas, was declared null and void ab initio. That judgment is as follows:

"This cause being on submission to the court for its opinion and judgment and the court having considered the pleadings, proofs and exhibits on file herein and being sufficiently advised therefrom is of the opinion and so adjudges that the plaintiff, Lizzie Baker, committee of the incompetent, John A. Thomas, is entitled to the relief sought.

"It is therefore adjudged by the court that the marriage entered into by and between the incompetent, John A. Thomas, plaintiff herein, and the defendant, Minnie Allen Thomas, was incestuous and void ab initio and should be and is canceled, annulled, set aside and forever held for naught; that each party hereto be and is restored to all the rights and privileges of a single and unmarried person; that the defendant be and is restored to her maiden name; that the estate of the incompetent pay the costs herein and this cause is stricken."

It is claimed that the father of these two innocent children to a certain extent had a desire that his two daughters should inherit his estate at his death as his heirs. By reason of his mental condition, he can make no will, nor can there be any provision made, known to the law, giving the daughters the right as heirs to inherit any part of his estate. The facts alleged present a distressing as well as an unusual situation, which appeals strongly to the court. Section 2071, Kentucky Statutes, provides:

"Any person twenty-one years of age, may, by petition filed in the circuit court of the county of his residence, state, in substance, that he is desirous of adopting a person, and making him capable of inheriting as heir-at-law of such petitioner; and said court shall have authority to make an order declaring such person heir-at-law of such petitioner, and

as such, capable of inheriting as though such person were the child of such petitioner; but no such order shall be made if the petitioner be a married man or woman, unless the husband or wife join in the petition.''

By that section, no one is authorized to file a petition for adoption except he or she be over the age of twenty-one years, and capable, we think, to express a desire of adopting the person or persons they ask to adopt; and that he or she may be capable of inheriting as an heir at law the estate of the petitioner.

In the case at bar the petitioners are John A. Thomas, the adjudged lunatic, and Lizzie Baker, his committee. Section 35, Civil Code of Practice, so far as applicable here, provides:

''The action of a person who is under disability must be brought by his * * * committee, if he have one residing in this State, unless it be against his * * * committee; or unless said * * * committee refuse to sue, in which case he must be made a defendant.''

Section 2153, Kentucky Statutes, provides:

''The power and duty of the committee of [a] * * * lunatic, * * * or incompetent person shall, in all respects, be the same as those of the guardian of an infant, except as to education.''

As we said in the case of W. T. Sistrunk & Co. v. Navarra's Committee et al., 268 Ky. 753, 105 S. W. (2d) 1039, 1040:

''Under section 2153 of the Kentucky Statutes, the powers of the committee of a lunatic, or incompetent person, are the same as those of the guardian of an infant. Section 2032 of the Statutes provides that a guardian shall have the possession, care, and management of the ward's estate.''

The statute does not contemplate that the committee of a lunatic may exercise any other power than to have the possession, care, and management of the lunatic's or incompetent's estate. No authority is given by any statute to which our attention has been called, or that we have been by careful research able to locate, giving the committee of a lunatic or an incompetent au-

thority to petition any court for the adoption of a person or persons as heirs capable of the inheritance of his or her estate.

It is shown by the record that the father of these two unfortunate girls, at one time at least, had mind enough that he was accepted by representatives of our government as a soldier; that as a soldier he sacrificed his mental powers in behalf of his government; that by reason of his services and the loss of his mind, which is all that is worthwhile to a citizen, his government has partly remunerated him and is continuing to do so, until the amount paid him by the government, added to 40 acres of land, that he already owned, results in his estate reaching the estimated value of $6,000 or more.

It is difficult for the court to deny the privilege of inheritance to these two girls. The court cannot legislate because that prerogative belongs to another department of state. At this point we are constrained to say that the truth of a passage of scripture that we so often hear quoted is hereby profoundly impressed anew upon our minds: "The wages of sin is death." And further that the sins of the parents are always visited upon their children. These truths are not true alone because found in the Holy Writ, but true regardless of that fact, and have been true from creation dawn and will be so throughout eternity.

We are forced to the conclusion that the circuit court had no right or authority under section 2071, Kentucky Statute, or any other statute or law, to make the adoption. The trial court in sustaining both demurrers to the petition was correct.

Wherefore, the judgment is affirmed.