## Ex parte BOWEN.

Court of Appeals of Kentucky.
March 21, 1952.

N. E. Frey, Elkton, for appellant.

CAMMACK, Chief Justice.

Lois A. Bowen filed this action under KRS 402.250, seeking a declaration of her marital status and an affirmance of her marriage to Carl Bowen, deceased. Her petition was dismissed, and it was adjudged that her marriage on September 11, 1946, to her first cousin, Carl Bowen, in Todd County, Kentucky, was void and incestuous under KRS 402.010.

Lois and Carl were residents of Arkansas. They applied for and were issued a marriage license by the clerk of the Todd County Court on September 11, 1946, and a marriage ceremony was performed between the parties on that date. They returned to Arkansas and lived together as husband and wife until the death of Carl on September 7, 1950. No question was raised about the validity of this marriage until March, 1951, when Lois was advised by the Veterans' Administration that she could not be recognized as the wife of Carl Bowen because they were first cousins by consanguinity and within the degree of relationship prohibited by KRS 402.010, which became effective June 19, 1946, prior to the date of their marriage.

The only question before us is whether the words "incestuous and void" render the marriage void or voidable. Before KRS 402.010 was amended, subsection 4 read: "Marriages prohibited by this section are incestuous and void." In a number of cases this Court declared that a marriage in contravention of this statute was void ab initio. Baker v. Thomas, 272 Ky. 605, 114 S.W.2d 1113; Louisville & N. R. Co. v. Turner, 290 Ky. 602, 162 S.W.2d 219. These and other cases held that it was the intent of the legislature to make such marriages void and not voidable. Subsection 2 of KRS 402.010, which was passed in 1946, provides: "Marriages prohibited by subsection (1) of this section are incestuous and void." Since the 1946 amendment used the same words without any attempt to change the interpretation placed upon them by judicial decisions, we conclude that the words were used in the same sense.

The marriage of Lois to her first cousin, Carl, was incestuous and void ab initio. The same interpretation has been placed upon similar statutes by other courts. Ragan v. Cox, 208 Ark. 809, 187 S.W.2d 874; Osoinach, Adm'x, v. Watkins, 235 Ala. 564, 180 So. 577, 117 A.L.R. 186; Meisenhelder, Adm'r, v. Chicago & N. W. Ry. Co., 170 Minn. 317, 213 N.W. 32, 51 A.L.R. 1408.

Lois contends that, since Carl has died and the marriage was not annulled during his lifetime, the marriage cannot now be attacked. This question was raised

in McIlvain v. Scheibley, 109 Ky. 455, 59 S.W. 498. In that case a man and his sister's daughter were married in Tennessee. At the time of the marriage and subsequent thereto the parties resided in Kentucky. After the husband's death, his alleged wife renounced the will and elected to take her dower. It was held that the marriage was void in Tennessee and was also void in Kentucky. The woman was precluded from taking dower in the estate since the marriage was void ab initio. An attempted marriage which is void may be attacked after the death of one of the parties.

Judgment affirmed.