316 P.2d 1106

Matter of the **ESTATE** of Martin Emil **MORTENSON**, deceased.

Raymond Boyd **MORTENSON** et al., Appellants,

v.

Etta **MORTENSON**, Appellee.
No. 6219.

Supreme Court of Arizona.
Oct. 29, 1957.

Wesley E. Polley, Bisbee, for appellants.

Daniel E. Moore, Bisbee, for appellee.

J. SMÍTH GIBBONS, Superior Court Judge.

The real issue presented on this appeal is whether a marriage between first cousins who are residents of and intend to live in Arizona is void or only voidable when solemnized in a state where such marriage is not prohibited by law.

Appellee, Etta Mortenson, hereinafter called Etta, on August 10, 1949, at Lordsburg, New Mexico, entered into a marriage ceremony with Martin Emil Mortenson, now deceased. Etta and decedent, first cousins, were both residents of Arizona, and after the ceremony returned to and continued such residence in this state until the death of Martin Emil Mortenson.

Etta petitioned for letters of administration alleging herself to be the lawful widow of decedent. One of the appellants, Raymond Boyd Mortenson, herein called applicant, as the son of decedent by a former marriage, also filed application for letters of administration, and he and other heirs filed written objections to the appointment of Etta, on the ground that she was not the surviving wife of decedent. Both the petitions and objections thereto were heard by the trial court, whereupon letters of administration were ordered issued to Etta. Applicant and the other objecting heirs appeal.

The order of preference in the appointment of an administrator of the estate of a person dying intestate under the pertinent provisions of Section 38-401, A.C.A. 1939 (A.R.S. § 14-417), is, first, the surviving wife and, secondly, the children. If this marriage was valid the trial court was correct in the appointment of Etta; if void the petition of applicant should have been granted. The question presented is whether under the foregoing circumstances this state will recognize Etta as the surviving widow of decedent.

There is no statute in New Mexico prohibiting the marriage of first cousins, and unless applicable statutes of Arizona control, a marriage valid in the state of solemnization will be valid in Arizona. Consequently, the answer to the question presented herein depends upon whether our applicable statutes prevent us from recognizing the validity of this marriage. So far as pertinent Section 63-107, 1952 Supp. 1939 A.C.A. (now, A.R.S. § 25-101) provides as follows:

"The marriage of a person of Caucasian blood with a Negro, Mongolian, Malay or Hindu shall be null and void. The marriage between parents and children, including grandparents and grandchildren of every degree, between brothers and sisters, of the one-half as well as the whole blood, and between uncles and nieces, aunts and nephews, and between first cousins, is prohibited and void."

Section 63-108, A.C.A.1939 (A.R.S. § 25-112), reads as follows:

"Marriages valid by the laws of the place where contracted, are valid in this state; provided, that marriages solemnized in any other state or country by parties intending at the time to reside in this state shall have the same legal consequences and effect as if solemnized in this state, and parties residing in this state can not evade its laws as to marriage by going into another state or country for the solemnization of the marriage ceremony."

Prior to 1942 Section 63-107, supra, provided that marriages by parties of

the designated degree of consanguinity were "incestuous and void", but in that year the section was amended in some respects, among which was to change the wording so as to provide that such marriages are "prohibited and void". Etta urges that because of this change in the wording we must construe the word "void" as meaning merely "voidable", and since its validity was never questioned during the existence of the relationship we must recognize it as having been a valid marriage with the result that she is the lawful surviving spouse. It is difficult for us to accept this line of reasoning. The same phraseology that condemns marriage between first cousins as "prohibited and void" applies to marriages between parent and child, grandparent and grandchild, and brother and sister. If we say marriages between first cousins is only voidable we must necessarily say that marriages between parent and child, or brother and sister, are merely voidable. We cannot attribute such an unreasonable intention to the legislature merely because it eliminated the word "incestuous". We hold, therefore, that in a situation of this kind the legislature meant that such marriages are void in the sense that they shall have no force and effect for any purpose within the State of Arizona.

■ Section 63–108, supra, recognizes the general rule that marriages valid where contracted aré valid within the state with two exceptions; (1) that marriages solemnized in another state by parties then intending to reside in this state are to have the same effect as if solemnized in this state, and (2) parties residing in this state may not evade the laws of Arizona relating to marriage by going outside the state for the solemnization.

The foregoing statute evidences a clear intention on the part of the legislature to establish a strong public policy, that those in the prohibited degrees of consanguinity who reside in Arizona cannot marry here, nor can they marry outside the state with the intention of residing here and secure recognition of the validity of the marriage even though it might be recognized in the state of solemnization. A marriage declared void by our statute cannot be purified or made valid by merely stepping across the state line for purpose of solemnization. We cannot permit the public policy of this state to be defeated by such tactics.

■ Marriages performed outside the state which offend a strong public policy of the state of domicile will not be recognized as valid in the domiciliary state. See Meisenhelder v. Chicago & N. W. Ry. Co., 170 Minn. 317, 213 N.W. 32, 51 A.L.R. 1408; Restatement of the Law, Conflict of Laws, Section 132.

The judgment is reversed with directions to vacate the order appointing Etta as administratrix and to appoint Raymond Boyd

Mortenson administrator of the estate of Martin Emil Mortenson, deceased.

Judgment reversed with directions.

UDALL, C. J., and WINDES, PHELPS, and STRUCKMEYER, JJ., concurring.

JOHNSON, J., did not participate in the determination of this matter.

Note: The late Justice ARTHUR T. LA PRADE was ill when this case was orally argued, and Honorable J. SMITH GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.