Zimmerman, J.
The policy of the law is to sustain marriages, where they are not incestuous, polygamous, shocking to good morals, unalterably opposed to a well -defined public policy, or prohibited.
“It-is well settled that the validity of a marriage must be determined from the lex loci contractus. If valid where solemnized, it is valid elsewhere; if invalid there, it is invalid everywhere.” McDowell v. Sapp, 39 Ohio St., 558, 560; 55 Corpus Juris Secundum, 811, Marriage, Section 4; 35 American Jurisprudence, 284, Section 168.
The marriage in the instant case took place in Massachu *359 setts where a union between first cousins is not unlawful. Sections 1 and 2, Chapter 207, General Laws of Massachusetts. Nevertheless, Section 11, Chapter 207 of the General Laws of Massachusetts, provides: - ; ■
/ “No marriage shall be contracted in this commonwealth by a party residing and intending to continue to reside in another jurisdiction if such marriage would be> void if contracted in such other jurisdiction, and every marriage contracted in this commonwealth in violation hereof shall be null and void.” (Emphasis supplied.)
It is, therefore, apparent that we are squarely confronted with the question of whether a marriage between first cousins is void in Ohio.
At common law, first-cousin marriages are valid (1 Broom & Hadley, Commentaries on the Laws of England, 345 at 350), and under a former Ohio statute they were not prohibited. 29 Ohio Laws, 429. And common-law marriages are recognized in this state. However, by statute in some states a marriage between first cousins is declared in express language to be void ab initio and is so treated by the courts in those jurisdictions. 55 Corpus Juris Secundum, 830, 831, Marriage, Section 16; Ex parte Bowen (Ky.), 247 S. W. (2d), 379.
In Ohio, Section 3101.01, Bevised Code, recites in part:
“Male persons of the age of 18 years, and female persons of the age of 16 years, not nearer of kin than second cousins, and not having a husband or wife living, may be joined in marriage.” This section, of course, contemplates ceremonial marriages.
It will thus be seen that first-cousin marriages in this state are not made void by explicit provision to that effect. Moreover, by Section 2905.07, Bevised Code, sexual relations between cousins are not incestuous. Compare State v. Brown, 47 Ohio St., 102, 23 N. E., 747, 21 Am. St. Rep., 790.
As far as we can ascertain, this court has never squarely passed on the matter of whether a marriage in Ohio between first cousins is void. But since the statutes of Ohio do not expressly declare that a first-cousin marriage is void ab initio and since sexual relations between cousins, which would certainly include first cousins, are not incestuous, we are persuaded to *360 adopt, in the instant case, the position, represented by the trend of the more modern cases and in accord with the general rule, “that a marriage between persons of a class that the statute simply says shall not marry * # * is not void in the absence of a declaration in the statute that such marriage is void.” In re Estate of Hollingsworth, 145 Wash., 509, 514, 261 P., 403, 404. Or, as it is more succinctly stated in the first paragraph of the syllabus of State v. Yoder, 113 Minn., 503, 130 N. W., 10, L. R. A. 1916C., 686: “A marriage contract is a nullity ab initio only where expressly so declared by statute. In such a case it is absolutely void, requiring no judicial decree for its dissolution.”
See, also, Patey v. Peaslee, 99 N. H., 335, 111 A. (2d), 194, 47 A. L. R. (2d), 1388, and the annotation following the A. L. R. (2d) report of such case; 55 Corpus Juris Secundum, 877, Marriage, Section 35. Compare Courtright v. Scrimger, Ohio Supreme Court Decisions, Unreported, 388, 34 W. L. B., 316, 53 Ohio St., 685, 44 N. E., 1134, and the related case of Courtright v. Courtright, 26 W. L. B., 309, 11 Dec. Rep., 413. Attention is likewise directed to the comments appearing in 18 Cincinnati Law Review, 549.
We see no reason to give the word, “void,” as used in the quoted Massachusetts statute, any other than its strict meaning. And “the term ‘void’ with respect to marriages is simply a convenient label to designate any marriage which, because of the nature of the disability or impediment with which it is affected, is regarded, by common law or statute as an absolute nullity, incapable of ratification.” In re Estate of Romano, 40 Wash. (2d), 796, 803, 246 P. (2d), 501, 505. A void marital relationship is without semblance of validity and may be successfully attacked either directly or collaterally at any time. 55 Corpus Juris Secundum, 875 et seq., Marriage, Section 35.
As has been noted, the marriage herein between the Mazzolinis was not proscribed by the laws of Massachusetts where it was regularly solemnized, and since it would not have been void ab initio in Ohio, we think the lower courts correctly decided that the suit for annulment did not lie. Because of the view adopted it is unnecessary to comment on the equitable maxim of “clean hands,” nor need we decide what course, if any, Edward might pursue under the divorce statutes of Ohio.
*361 It may not be inappropriate to add that if a situation were presented involving a purported marriage between those so closely related by blood that the relationship would be incestuous and so made by statutory enactment, our conclusion might well be different.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taft and Herbert, JJ., concur..
Stewart, Matthias and Bell, JJ., dissent.