851 P.2d 866

**In re the Marriage of Gina Marie BARBOSA–JOHNSON, Petitioner/Appellee,**

v.

**Ronald John JOHNSON, Jr., Respondent/Appellant.**

**No. 2 CA–CV 92–0202.**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 23, 1993.

Review Granted June 2, 1993.

Burch & Cracchiolo by Eve Parks, Phoenix, for petitioner/appellee.

Ronald J. Johnson, in pro. per.

## OPINION

ESPINOSA, Judge.

In this appeal, appellant challenges the order of the trial court granting appellee's motion to dismiss the petition for dissolution of marriage upon its finding that the parties' marriage was invalid. We reverse and remand for dissolution proceedings.

On July 14, 1989, appellant Ronald Johnson and appellee Gina Barbosa were issued a marriage license by the Pima County Superior Court clerk. On October 14, 1989, while on vacation in San Juan, Puerto Rico, the parties exchanged vows in a marriage ceremony performed by the pastor of a local church. The parties, the pastor, and two witnesses signed the marriage license after the ceremony. The parties then returned to Arizona, continued to reside here as husband and wife, and had one child.

Appellee filed a petition for dissolution of marriage on March 10, 1992. After appellant filed his pro se response, the parties commenced discovery and began negotiations to resolve the primary issues in dispute regarding child custody and visitation. In the summer of 1992, after changing attorneys, appellee moved to dismiss the petition on the ground that the parties' marriage was invalid in both Arizona and Puerto Rico because neither the Arizona marriage license nor any other was ever filed or recorded in either jurisdiction. Appellant did not dispute this fact in his opposition, but he asserted that the marriage

license remained in appellee's sole possession from the date of the ceremony, and that she told him it had been properly filed. The trial court granted the motion after finding that there was no valid marriage in either Arizona or Puerto Rico. This appeal followed. We reverse because there was a valid marriage under Arizona law.

■ The validity or invalidity of a marriage in this state is statutorily determined. A.R.S. § 25–125 sets forth the following general requirements for a valid marriage:

A valid marriage is contracted by a male person and a female person with a proper marriage license in the presence of an official and two witnesses who participate in a ceremony conducted:

1. By a person authorized to solemnize marriages who signs and files the marriage license with the clerk of the superior court.

2. In the presence of at least two witnesses of lawful age who sign the marriage license.

All of these statutory requirements were satisfied here except for the admitted failure of the pastor to file the marriage license with the clerk of the superior court, a class two misdemeanor under A.R.S. § 25–128(A)(3). That failure alone, however, does not invalidate the marriage.

It is frequently provided by statute that a person solemnizing a marriage shall make a return thereof to a specified officer of the county in which the marriage takes place; and a failure to observe such a statute is made an offense punishable criminally. Other statutes impose a penalty on the officer to whom the return is made for a failure to record it. Such return and record are primarily for the benefit of the parties ..., and a failure or deficiency in the return or record does not affect the validity of the marriage....

55 C.J.S. *Marriage* § 33 at 865 (footnotes omitted). *See Krizman v. Industrial Accident Commission*, 14 Cal.App.2d 419, 58 P.2d 405 (1936) (marriage in foreign state not invalidated by failure to record marriage certificate). *See also Rea v. Fornan*, 26 Ohio Op. 485, 46 N.E.2d 649 (App.1942)

(interpreting antecedent Arizona statutes, failure to record marriage certificate does not avoid the marriage), and 52 Am.Jur.2d *Marriage* § 41 (registration or recording of marriage not essential to its validity; such provisions addressed to officials rather than to parties).

■ Appellee further contends that the marriage is invalid under A.R.S. § 25–111(B), which provides that "[a] marriage contracted within this state is not valid unless: ... [t]he marriage is solemnized by a person authorized by law to solemnize marriages...." Among those authorized to solemnize marriages under A.R.S. § 25–124(A) are, *inter alia*, "[d]uly licensed or ordained clergymen." Appellee argues that because a *Puerto Rican* pastor, rather than a duly licensed or ordained *Arizona* clergyman, solemnized this marriage, it is invalid. This argument fails for two reasons. First, it is waived on appeal because it was not made to the court below. *Richter v. Dairy Queen of Southern Arizona Inc.*, 131 Ariz. 595, 643 P.2d 508 (App. 1982). Second, the argument is meritless because A.R.S. § 25–111 is expressly limited to marriages solemnized "within this state" and does not apply to this marriage.

■ The applicable statute, A.R.S. § 25–112(B), specifically provides that "[m]arriages solemnized in another state or *country* by parties intending at the time to reside in this state shall have the same legal consequences and effect as if solemnized in this state." (Emphasis added.) Such marriages are, however, invalid under subsection C of the same statute when "[p]arties residing in this state ... evade the [marriage] laws of this state ... by going to another state or country for solemnization of the marriage." *In Re Mortenson's Estate*, 83 Ariz. 87, 316 P.2d 1106 (1957). While evasion appears to be one of the reasons found by the trial court for invalidating this marriage, it is unsupported by the record. Not only is the record devoid of anything suggesting that the parties went to Puerto Rico to evade Arizona marriage laws, it also contains unequivocal evidence to the contrary. Appellee's affidavit in support of the motion to dismiss

affirmatively states that on October 10, 1989, she and appellant "traveled to Puerto Rico for a vacation," where they "exchanged vows" four days later.

Reversed and remanded for further dissolution proceedings.

LIVERMORE, C.J., and LACAGNINA, P.J., concur.