NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CARLOS E. MAYOL, *Petitioner/Appellant*,

*v.*

ALOHALANI R. ROWLLS, *Respondent/Appellee*.

No. 1 CA-CV 14-0460 FC

FILED 6-11-2015

Appeal from the Superior Court in Mohave County
No. S8015DO201200809
The Honorable Rick A. Williams, Judge

**AFFIRMED**

COUNSEL

Carlos E. Mayol, Kingman
*Petitioner/Appellant*

Alohalani R. Rowlls, Fayetteville, NC
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which
Presiding Judge Margaret H. Downie and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

¶1        Carlos Mayol (Father) appeals the trial court's order granting joint legal decision-making authority over the minor children (Children) he shares with Alohalani Rowlls (Mother).  He argues the court exceeded its authority and deprived him of due process of law by holding an evidentiary hearing on the issue of legal decision-making authority absent a formal petition.  Father also challenges the adequacy of the court's findings of fact and conclusions of law in support of its order modifying the prior legal decision-making order.  For the following reasons, we find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Mother were divorced in February 2013 by consent decree.  Although Father agreed both parties were "fit and proper persons to have custody of the minor children," Mother was active duty military and deployable.  Therefore, the parties agreed Father would have sole legal decision-making authority over Children and serve as the primary custodial parent.  Mother was granted parenting time, but the parties did not include a specific visitation schedule with the decree.

¶3        In August 2013, Mother filed a request for mediation alleging modification of her parenting time was warranted because Father did not allow her sufficient communication with Children and was denying her access to their educational records.  The parties were ordered to attend mediation but were unable to reach an agreement.  Upon receiving notification of the unsuccessful mediation in October 2013, the trial court scheduled a resolution management conference for December 9, 2013 and ordered the parties to complete disclosure pursuant to Rules 49 and 50 of the Arizona Rules of Family Law Procedure, submit a joint alternative dispute resolution statement, and participate in a parent education class.

¶4        In her proposed resolution statement, dated November 29, 2013, Mother requested the parties be awarded joint legal decision-making authority and she be granted primary physical custody.  She prepared and submitted a detailed proposal for visitation to Father.  In response, Father urged the trial court to take no action on the matter because Mother had not submitted a formal motion seeking modification in accordance with

Arizona Rule of Family Law Procedure 91 and Arizona Revised Statutes (A.R.S.) section 25-411(A).[1]

¶5          At the resolution management conference, Father identified "issues he fel[t] remain[ed] in dispute," but did not believe an evidentiary hearing was necessary. Recognizing the disparity in the parties' positions, the trial court set an evidentiary hearing for February 2014 on Mother's request to modify legal decision-making. On February 10, 2014, two weeks prior to the scheduled hearing, Mother submitted a twelve-page pretrial statement detailing her position as to each of the factors relevant to a determination of legal decision-making authority enumerated in A.R.S. § 25-403.

¶6          Meanwhile, Father filed a position statement and two separate motions to vacate the February 2014 evidentiary hearing reiterating his position that Mother's request for modification was deficient. In his second motion to vacate, he also argued he had only recently learned Mother intended to seek physical custody of Children. The court denied Father's request, finding Mother had "very clearly made or raised concerns about legal decision making" and that to deny Mother her day in court would exalt form over substance.

¶7          Father filed a timely request for findings of fact and conclusions of law pursuant to Arizona Rule of Family Law Procedure 82(A). After hearing testimony and receiving evidence from both parties, the trial court identified several concerns on the record, including the parties' ability to communicate effectively about issues concerning Children, Father's apparent unwillingness to facilitate communication between Mother and Children, and the uncertainty of Mother's future employment and housing situation.

¶8          After further consideration, the trial court found the parties have difficulty communicating with each other, and Father is the source of many of those difficulties, but that they were capable of improving their communication skills toward co-parenting successfully. And, while Father did not take Children for regular medical and dental visits or involve them in extra-curricular activities, Children were not endangered by these shortcomings. Indeed, the court found Father provided Children with an appropriate and stable residence, and Children were well-adjusted to their home, school, and community. In contrast, the court found Mother's future

---

[1]          Absent material revisions from the relevant date, we cite a statute's current version.

with the military to be uncertain; therefore, granting her primary physical custody would significantly disrupt Children's lives. Based on these considerations, the court found each party to be a fit parent entitled to "equal footing" in parenting decisions. The court issued an order finding Mother had established a change in circumstances justifying relief, granted the parties joint legal decision-making authority, affirmed Father as the primary custodial parent, and awarded Mother parenting time in accordance with the Mohave County long distance parenting guidelines.[2] Father timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Father's Argument that the Trial Court Lacked Authority to Address the Modification Request Absent a Formal Petition is Moot.

¶9 Father argues the trial court exceeded its authority in addressing Mother's request in the absence of a formal petition for modification in accordance with Arizona Rule of Family Law Procedure 91(D) and A.R.S. § 25-411.

¶10 Section 25-411(A) provides, in relevant part:

A person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health. . . . Six months after a joint legal decision-making order is entered, a parent may petition the court for modification of the order based on the failure of the other parent to comply with the provisions of the order. A motion or petition to modify an order shall meet the requirements of this section.

Section 25-411(L) further requires any request for modification of legal decision-making authority include "an affidavit or verified petition setting forth detailed facts supporting the requested modification." Thus, the

---

[2] *Mohave County Legal Decision Making and Parenting Time Guidelines* 7-8 (2013), http://www.mohavecourts.com/court%20forms/Clerks%20Office/Misc/MIMCLegDecMakParTimeGuidelines-sc.pdf.

statute requires the party moving for modification within one year of the prior order to establish good cause for doing so.

¶11        The requirements of A.R.S. § 25-411 are procedural rather than jurisdictional, and are intended to "prevent repeated or insubstantial motions for modification." *In re Marriage of Dorman*, 198 Ariz. 298, 302, ¶ 11 (App. 2000) (internal quotation omitted). Failure to comply with these procedural requirements may be challenged by special action "prior to a resolution on the merits." *Id.* at 302-03, ¶¶ 11-12 (declining to review noncompliance with A.R.S. § 25-411 on direct appeal). Where, as here, appeal is taken from a final judgment after the trial court has conducted an evidentiary hearing, evaluated the case on the merits, and found sufficient cause for modification, "the time for achieving the statute's intended protections . . . has passed." *Id.* at 302, ¶ 11. Therefore, Father's argument that the trial court exceeded its authority in modifying legal decision-making without a formal petition is moot.

## II.    Father Received Adequate Due Process.

¶12        Father next argues he was denied due process of law because, in the absence of a formal petition for modification, he was not "timely informed of any of [Mother]'s arguments in support of a [m]odification." We review a parent's claim that he was denied due process *de novo*. *See Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014) (citing *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999)).

¶13        In the context of a child custody proceeding, a parent has the right to "receive notice, reasonably calculated to apprise him of the action in order to adequately prepare his opposition." *Id.* (citing U.S. Const. amend. XIV; Ariz. Const. art. 2, § 4; and *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)); *see Cook v. Losnegard*, 228 Ariz. 202, 206, ¶ 18 (App. 2011) (noting parties are entitled to adequate notice and an opportunity to be heard regarding issues the family court will adjudicate at a hearing) (citing *Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006)).

¶14        The record reflects Mother filed a request for mediation, specifically identifying issues with communication and access to Children's educational records as reasons warranting modification. After mediation was unsuccessful, Father participated in a resolution management conference before the trial court and was advised in December 2013 that the court would hear evidence regarding a potential modification of legal decision-making authority at trial in February 2014. Moreover, Father specifically acknowledged Mother's intent to seek modification of legal

decision-making authority, and the court's intent to address the request, in his resolution management statement, motions to vacate the hearing, and request for findings of fact and conclusions of law. Under these circumstances, Father cannot rightfully claim he was surprised by Mother's position.

**¶15** Father also argues on appeal that Mother's disclosure was inadequate. He did not raise the issue with the trial court, and we need not address issues first raised on appeal. *Barbosa-Johnson v. Johnson*, 174 Ariz. 567, 569 (App. 1993) (citing *Richter v. Dairy Queen of S. Ariz., Inc.*, 131 Ariz. 595, 596 (App. 1982)). However, even had Father not waived this argument, Mother's pretrial statement, submitted two weeks prior to trial, details her position as to every factor enumerated within A.R.S. § 25-403 and provided Father sufficient time and information to prepare his opposition.

**¶16** The record confirms Father was provided adequate notice of both the trial court's intent to address legal decision-making and Mother's position on the issue and had the opportunity to present his position at the evidentiary hearing. Therefore, Father's due process rights were not violated.

### III. The Trial Court's Findings of Fact and Conclusions of Law Adequately Support the Legal Decision-Making Order.

**¶17** Father does not argue the trial court erred in awarding the parties joint legal decision-making authority, but that the court's findings of facts and conclusions of law in support of the order were insufficient. We review the trial court's order regarding legal decision-making authority for an abuse of discretion and will find such a decision deficient if it lacks the specific findings required by law. *In re Marriage of Diezsi*, 201 Ariz. 524, 525-26, ¶¶ 3, 5 (App. 2002); *see also Elliott v. Elliott*, 165 Ariz. 128, 131-33 (App. 1990) (remanding for findings of fact and conclusions of law in compliance with Arizona Rule of Civil Procedure 52, the civil counterpart to Arizona Rule of Family Law Procedure 82).

**¶18** As a matter of public policy, we recognize the best interests of the child as the primary consideration in allocating legal decision-making authority. A.R.S. § 25-403(A), -403.01(B); *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations."). In determining legal decision-making authority, the trial court must "consider all factors that are relevant to the child's physical and emotional well-being." A.R.S. § 25-403(A). Included in the factors to be considered are those enumerated in A.R.S.

§§ 25-403(A) and -403.01(B).  Section 25–403(B) requires the court to "make specific findings on the record about all relevant factors and the reasons for which [its] decision is in the best interests of the child."  The trial court is thus charged, even absent a party's request,[3] with providing both findings of fact and the reasons for its decision.  A.R.S. § 25-403(B).

**¶19**        It is apparent from the record that the trial court gave the issue of legal decision-making authority substantial thought.  Although the court did not comment on each of the enumerated factors,[4] the record is abundantly clear that the court identified and provided sufficiently detailed analysis of the factors upon which evidence was presented, and which were pertinent in this case to a determination of Children's best interests.[5]  *See*

---

[3]        This obligation for specific findings exists as to orders regarding legal decision-making authority notwithstanding a specific request for findings of facts and conclusions of law pursuant to Arizona Rule of Family Law Procedure 82 and cannot be waived.  *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013) (citing *Hays*, 205 Ariz. at 102, ¶ 18).  Nonetheless, we reiterate our preference that litigants object to alleged deficiencies in findings of fact and conclusions of law with the trial court and allow it the opportunity to augment its record and correct defects prior to initiating an appeal.  *Reid v. Reid*, 222 Ariz. 204, 209, ¶ 19 (App. 2009) ("[W]e agree that Father should have raised this issue before the lower court, and doing so would have provided that court with a simpler, more expedient opportunity to remedy its lack of findings and perhaps reconsider its decision . . . .").

[4]        Although this Court has not held that the trial court must comment on each of the statutory factors identified in A.R.S. §§ 25-403(A) and -403.01(B), even if simply to note their existence and inapplicability in order to comply with its obligation to make specific findings, best practices would include doing so, thereby avoiding altogether the type of challenge Father presents on appeal here.

[5]        The trial court specifically addressed the factors set forth in A.R.S. § 25-403(A)(3) ("[t]he child[ren]'s adjustment to home, school and community"), (5) ("[t]he mental and physical health of all individuals involved"), and (6) ("[w]hich parent is more likely to allow the child[ren] frequent, meaningful and continuing contact with the other parent"), and focused heavily on the practical ability of the parties to make decisions regarding Children together in accordance with A.R.S. § 25-403.01(B).  There was no evidence presented suggesting the factors in A.R.S. § 25-

*Banales v. Smith,* 200 Ariz. 419, 420, ¶¶ 7-8 (App. 2001) (upholding decision of trial court supported by detailed minute entry order containing "numerous findings of fact and conclusions of law that show[ed] the court made every attempt to comply with [A.R.S.] § 25-403 in considering the best interests" of the child).

**CONCLUSION**

**¶20**        Based upon the foregoing, the order of the trial court granting Mother and Father joint legal decision-making authority is affirmed.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama

---

403(A)(1) ("[t]he past, present and potential future relationship between the parent and the child[ren]"), (2) ("[t]he interaction and interrelationship of the child[ren] with . . . any other person who may significantly affect the child[ren]'s best interest"), or (4) ("the wishes of the child") weighed in either party's favor, and those set forth in subsections (7) through (11) (considering abuse and other misconduct by a parent) are inapplicable.